UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAYNE I. CORBEIL, JR.,

        Petitioner,

  v.                                            Case No. 25-cv-1254-pp

WALTER ZUEHLKE,[1]

        Respondent.

**ORDER GRANTING PETITONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (DKT. NOS. 9, 10), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

        On August 21, 2025, while incarcerated at Dodge Correctional Institution, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petition alleges that on August 13, 2013, the petitioner was convicted of "child pornography" in Waushara County Case No. 2012CF000127 (Waushara County Circuit Court). Id. at 2. The petitioner states

---

[1] When the petitioner drafted his petition, he was in custody at Dodge Correctional Institution. Dkt. No. 1 at 1. On September 2, 2025, the court received notice from the petitioner that as of September 10, 2025, he would be confined in the Waushara County Jail. Dkt. Nos. 6, 7. As of January 2026, it appears that the petitioner remains at the Waushara County Jail. Dkt. No. 12-1. The person who oversees the Waushara County Jail is Sheriff Walter Zuehlke. www.co.waushara.wi.us/19834/Waushara-County-Jail. Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, if a petitioner currently is in custody under a state-court judgment, "the petition must name as respondent the state officer who has custody." The court will modify the docket to show Sheriff Walter Zuehlke as the appropriate respondent.

that in 2023 and 2024, he filed "petitions" in Waushara County Circuit Court regarding the use of the Internet. Id. at 4-6. He says that the petitions were denied. Id. The federal *habeas* petition lists eleven grounds for relief, all of which appear to relate to the petitioner's assertion that he "cant have a cell phone with internet connection . . . ." Id. at 6.

Since he filed his petition, the court has received from the petitioner two motions asking the court to appoint counsel to represent him. Dkt. Nos. 9, 10. On January 16, 2026, the court received from the petitioner a letter stating that as of September 4, 2026, his mailing address will be changing to a location in Wautoma, Wisconsin; he again asked the court to appoint counsel. Dkt. No. 12.

This order grants the petitioner's motion to proceed without prepaying the filing fee, screens and dismisses his *habeas* petition and denies as moot his motions for appointment of counsel.

I. **Petitioner's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

Along with his petition, the petitioner filed a request to proceed without prepaying the $5 *habeas* filing fee and an affidavit of indigency. Dkt. No. 2. The petitioner avers that he has no assets and currently is in debt to collection agencies in the amount of $50,000. Id. at 2. He avers that he has medical bills totaling $30,000, and that he owes the jail $2,300. Id. He avers that he owes $8,000 in court fines, restitutions and fees. Id. The petitioner separately filed a trust account statement from the Wisconsin Department of Corrections covering February 25, 2025 through August 25, 2025; the statement reveals

2

starting and ending balances of $0.00 and average monthly deposits of only $0.40. Dkt. No. 4.

The court is satisfied that the petitioner lacks the funds to prepay the filing fee and will grant his request to allow him to proceed without prepaying it. The petitioner must pay the $5 filing fee over time, as he is able.

**II.   Rule 4 Screening**

  A.   Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     The Petition

The petition identifies its subject as State v. Corbeil, Waushara County Circuit Court Case No. 2012CF127. Dkt. No. 1 at 2. The publicly available docket for that case shows that on February 8, 2013, the defendant pled no contest to three counts of possession of child pornography in violation of Wis. Stat. §948.12(1m), and that three additional counts were dismissed and read in. http://wcca.wicourts.gov. It shows that on August 14, 2013, the court sentenced the petitioner to five years of initial confinement followed by five

4

years of extended supervision on two of the counts, and a term of five years of probation consecutive to that sentence on the third count. Id. The docket reflects that the court imposed the following conditions of extended supervision:

> Not to have access to, own or otherwise use a computer; no cell phone that is in any way capable of making an Internet connection—no Internet access thru any device that may present itself upon the market; no contact with children under 18 unless in direct company of biological parent; Ab Sobriety; Complete [Sex Offender Training] as deemed appropriate by agent; Sex Offender Registry for life; take all medically prescribed medications; No DNA, previously provided; Costs—up to 25% of earnings during term of IC—balance to be paid as a condition of ES within the first year of ES.

Id.

The petition reveals that the petitioner did not appeal his conviction or sentence. Dkt. No. 1 at 3.

In the section of the petition titled "State Post-Conviction Relief Other Than Direct Appeal," the petitioner states that on November 17 of an illegible year, he filed a "petition" that raised "Grounds to use internet and/or Wi-FI." Id. at 4. He says that petition was denied. Id. He says that on November 20, 2023, he filed another "petition," raising the ground "use of internet-Employment." Id. at 5. He says that that petition was denied February 4, 2024. Id. He says that on June 13, 2024, he filed a third "petition" raising the ground "use of Internet." Id. at 5-6. He reports that this petition was denied July 9, 2024. Id. at 6. The petition reflects that the petitioner did not appeal any of these rulings.

5

The petition lists eleven "grounds" for this federal *habeas* petition: "Sex offender Treatment," "Employment," "E-mail," "Education," "Banking," "Wills," "Power of Attorney," "Personal/Business Taxes," "Business Licenses, Records, Invoices, Contracts" "Employment Benifits [sic]" and "Law Library." Dkt. No. 1 at 6-11. In explaining the basis for Ground One (which the petitioner listed as "sex offender treatment"), the petitioner says:

> The State & The Division of Community Corrections (DCC) Require me to do S.O.T. & the DCC Refuses me treatment, because I am not Because I cant have a cell phone with internet connection. & All my S.O.T. is done by Zoom visit. This is MANDATORY by both the Judge & the DCC. I would Like & need to attend S.O.T., via zoom. So I don't get into trouble for not attending S.O.T.

Id. at 6-7. In support of Ground Two (which he titles "Employment"), the petitioner argues that employers require online, not paper, job applications and that they require an email address. Id. at 7. In support of Ground Three ("E-mail"), he says that he has an email account and that he needs to be able to access it for job opportunities. Id. at 8. In support of Ground Four ("Education"), the petitioner says that he'd like to obtain his HSED (which, he says, is court-ordered), but that all schoolwork must be done on a computer. Id. at 9. He says that he wants to get his paralegal and business degrees, and that all that work is done via computer. Id.

The petitioner makes similar arguments regarding his remaining six grounds: "Banking" (he says all his banking is done online now); "Wills" (he says his will is on "computer" but he can't access it to update it "because the People [he] had are now both deceased"); "Power of Attorney" (the same argument he made for "Wills"); "Personal/Business Taxes" (the petitioner says

6

Case 2:25-cv-01254-PP   Filed 01/27/26   Page 6 of 17   Document 13

that he uses Turbo Tax to do his taxes because it is free and easy to use); "Business Licenses, Records, Invoices, Contractors" (the petitioner says he needs to use a computer to keep business records, contracts and invoices for his clients); "Employment Benefits [sic]" (the petitioner says that all employee benefits now are done online) and "Law Library" (he says that counties no longer have law books and that he has a "pending case that [he] need[s] to look up"). Id. at 10-11.

For relief, the petitioner says, "I would like to get a cellphone with internet/WI-FI access for the Reasons (Grounds) listed in the Hebas Corpus." Id. at 14.

C. Applicable Law

A petitioner may seek *habeas* relief under 28 U.S.C. §2254 when he is challenging the fact or duration of confinement and is seeking an immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (explaining that the essence of a *habeas corpus* petition is to provide a means of "attack by a person in custody upon the legality of that custody.").

Years ago, the Seventh Circuit Court of Appeals held that a person who is on state probation and challenging the conditions of his supervision is "in custody," and thus may challenge the conditions of his supervision through filing a petition for a write of *habeas corpus*. Drollinger v. Milligan, 552 F.2d 1220, 1223-25 (7th Cir. 1977). "The restrictions that make up probation are considered a type of confinement rather than conditions of confinement." Tobey v. Chibucos, 890 F.3d 634, 651 (7th Cir. 2018). That means that a person

wishing to challenge the imposition of conditions of extended supervision or probation must "do so in a *habeas* proceeding after exhausting his state court remedies." Id.

D.  Analysis

The court must dismiss the petition for several reasons.

First, the relief the petitioner is requesting—a cellphone with Internet access—is not relief that this court is authorized to grant him under 28 U.S.C. §2254. The petitioner is not asking this court for an immediate or speedier release from incarceration. Section 2254 allows a federal court to order someone released from unlawful custody (or, in the case of a challenge to conditions of supervision, release from an unlawful condition of supervision) if that person timely filed his petition and has exhausted all his state-court remedies.

The court could construe the petition as a request for this court to release him from a condition of supervision. As the court has recounted, when the state court sentenced the petitioner in August 2013, it imposed as conditions of his five-year term of extended supervision that he could not have access to, own or otherwise use a computer and that he could not have a cell phone capable of making an Internet connection or have Internet access through any other device. Perhaps the petitioner wants this court to find that condition unlawful. But if that is what the petitioner intended to do—challenge the conditions of supervision that the state court imposed in August 2013—his federal *habeas* petition was not timely filed. As the court has explained, the

8

general rule is that a petitioner must file his *habeas* petition within one year of the judgment he seeks to challenge becomes final. 28 U.S.C. §2254(d)(1)(A). The Waushara County Circuit Court sentenced the petitioner—and imposed the supervision conditions it appears he wishes to challenge—on August 14, 2013, over *twelve years* before he filed this federal *habeas* petition. The petition (Dkt. No. 1 at 4) states that the petitioner did not appeal the conditions he now wishes to challenge. The publicly available docket shows that on March 28, 2014, the petitioner filed a Wis. Stat. §809.30 post-conviction motion, but the docket reflects that in that motion, the petitioner asked to be resentenced "based upon a new factor" (not that he challenged the conditions of supervision the court had imposed); the court denied the motion on April 29, 2014. Corbeil, Case No. 2012CF127, http://wcca.wicourts.gov. The public docket shows that the petitioner did not appeal that decision. Assuming without finding that the April 29, 2014 order denying that motion was the final adjudication date, the petitioner's conviction became final twenty days later, on May 19, 2014. See Wis. Stat. §809.30(2)(b). The petitioner did not file this federal *habeas* petition until over eleven years later.

Because he did not timely appeal the conditions of supervision the state court imposed, it also appears that the petitioner has not exhausted his state remedies, as the law requires before a federal court may grant *habeas* relief. "Exhaustion" means that a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. See also 28 U.S.C.

9

§2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the U.S. Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Wisconsin, that means that a state prisoner must present his claims to the Wisconsin Court of Appeals and, if he loses there, must petition the Wisconsin Supreme Court for review of his claims. The record shows, and the petitioner admits in the petition, that back in 2014, he did not challenge the conditions of supervision by appealing to the Wisconsin Court of Appeals, much less petition the Wisconsin Supreme Court for review.

The petitioner says that in 2023 and 2024, he filed "petitions" with the Waushara County Circuit Court, raising "[g]rounds to use internet and/or WI-FI," "[u]se of internet-Employment" and "use of Internet." Dkt. No. 1 at pages 4-6. The court has reviewed the online docket for Corbeil, Case No. 2012CF127. http://wcca.wicourts.gov. That docket shows that on November 20, 2023—nine years and six months after his conviction became final—the petitioner filed a letter in the state circuit court, described on the docket as "Letter to Court from Defendant regarding computer use prohibition." The docket shows that that same day, the court responded, "Request is denied, accommodation may be granted upon request of supervising agent." Id. The docket entry for February 1, 2024, shows another "[l]etter to Court from Defendant requesting

10

supervised use of computer," with a response from the court four days later stating that "[m]odification of Probation conditions is denied." Id. The entry for July 8, 2024 is a motion "for Modification of Probation Conditions." Id. The next day, the court responded that "DE's motion for modification of probation conditions is denied." Id. The docket reflects that on July 11, 2024, the court revoked the petitioner's supervision and sentenced him to prison. Id. The docket reflects that between May 2025 and August 20, 2025, the petitioner filed other requests with the court for modification of the conditions of probation, none of which were granted. Id.

It is not clear whether the documents the petitioner filed in 2023 and 2024 complied with any of Wisconsin's requirements for seeking post-conviction relief. And even if they did, it is likely that he did not timely file those "petitions," which means that he has procedurally defaulted on any claims he raised in them. See O'Sullivan, 526 U.S. at 848 ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court has resulted in a procedural default of those claims.").

The court observes that according to the public docket, on July 23, 2025, the petitioner was "revoked"—it is not clear whether it was his extended supervision or his post-supervision probation that was revoked—and he was sentenced to prison. Corbeil, 2012CF127, http://wcca.wicourts.gov. On September 11, 2025, he was "Terminated—Institution," which may mean that he was released from prison. Id. On December 3, 2025, the petitioner filed a notice of appeal, although he has not advised this court—and the state court

11

record does not reveal—what he appealed. But the record shows that that appeal remains pending at 2025AP002664. State v. Corbeil, Appeal No. 2025AP0002664 (available at wscca.wicourts.gov). *If* that appeal is an appeal of the denial of a request to modify the conditions of supervision that the petitioner challenges in this federal case, then his federal *habeas* petition is premature. Until he completes any appeal of any challenge to the conditions of supervision, he has not exhausted his state-court remedies.

Finally, even if the court could grant the relief the petitioner requests, even if he'd timely filed the petition, even if he exhausted his state-court remedies and even if he'd not procedurally defaulted, the face of the petition does not identify grounds for §2254 relief. The petition explains *why* the petitioner wants Internet access, but it does not allege that the conditions of supervision violate the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court has ruled on his challenges to the petition on their merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d). The petition does not explain the bases of any state-court rulings, does not provide copies of those state-court rulings and does not explain how any such rulings were contrary to or

involved an unreasonable application of established federal law or an unreasonable determination of facts.

For all these reasons, the court must dismiss the petition.

Although the document the petitioner filed is titled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody," dkt. no. 1 at 1, because the petitioner is not a lawyer and is representing himself, the court also has considered whether the petitioner meant to challenge a condition of his confinement. Just as the petitioner did not request the kind of relief available in a federal *habeas* proceeding—release from custody or from the allegedly unlawful condition—he has not requested the kind of relief available to incarcerated persons who challenge the conditions of their confinement—damages. More to the point, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release," Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)), while a state prisoner challenging something other than the fact or duration of his confinement—such as the conditions under which he is confined—"must seek relief under 42 U.S.C. § 1983," the federal civil rights statute, Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004) (citing Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000)).

The court does not believe that this is the case, but *if* the petitioner intended to ask the court to grant him damages based on a condition of his confinement/supervision, he should have filed a civil lawsuit under §1983, not

13

a *habeas corpus* petition under 28 U.S.C. §2254. The petitioner previously has filed multiple §1983 complaints in this district: <u>Corbeil v. Wisconsin Department of Corrections, *et al.*</u>, Case No. 21-cv-663 (challenging the statutory authorization for GPS tracking of certain sex offenders); <u>Corbeil v. Division of Community Corrections, *et al.*</u>, Case No. 22-cv-11 (challenging his treatment while on extended supervision); and <u>Corbeil v. Waushara County Jail, *et al.*</u>, Case No. 25-cv-768 (challenging the denial of envelopes and stamps). The court dismissed each of these cases for failure to state a claim, and for each imposed a "strike" against the petitioner under 28 U.S.C. §1915(g). Because he has accrued three "strikes," the petitioner cannot proceed in a non-*habeas* civil lawsuit without paying the full filing fee unless he can show that he is under imminent danger of serious physical injury 28 U.S.C. §1915(g). He has not done so.

Nor will the court convert this federal *habeas* petition into a civil rights lawsuit under §1983. The court already has observed that the if the petitioner had filed this case as a §1983 lawsuit, he would owe a filing fee—$405, far more than the $5 due for a *habeas* petition. The respondent in this *habeas* case—the Waushara County Sheriff, who oversees the jail in which the petitioner currently is confined—would not be the appropriate defendant if the petitioner were to have brought his claims in a §1983 suit. It would be up to the petitioner (not this court) to name the appropriate state actors against whom he'd bring any civil rights suit, as well as to identify the constitutional provisions he believes those defendants have violated. And like a *habeas*

petition, there is a limitation period within which a person much file a §1983 suit. For these reasons, it would not be appropriate for the court, acting on its own, to convert the petitioner's *habeas* petition into a civil rights lawsuit. If the petitioner wishes to file a civil rights lawsuit, he may make that decision for himself (understanding that he will owe the filing fee if he does so). See Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005).

### III. Motions to Appoint Counsel

Because the court is dismissing the petition without prejudice, the court will deny as moot both of the petitioner's motions to appoint counsel. Dkt. Nos. 9, 10.

If the petitioner files any future federal lawsuits of any kind, he should be aware that he has no statutory or constitutional right to court-appointed counsel in federal civil litigation (and a federal *habeas* petition is a civil suit). Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). When the court evaluates a motion to appoint counsel in a civil case, it engages in a two-step process. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

The petitioner's single-page motions state that he needs an attorney and has no funds. Dkt. Nos. 9, 10. He asks the court to appoint a state public

15

defender. This federal court has no authority to appoint the petitioner a *state* public defender. If the petitioner files lawsuits in this court in the future, he must demonstrate to the court that he has made a reasonable attempt to obtain counsel on his own before asking the court to appoint him counsel.

### IV.     Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists would not debate that the petitioner is not entitled to *habeas* relief.

### V.     Conclusion

The court **DIRECTS** the Clerk of Court to modify the docket to reflect that Waushara County Sheriff Walter Zuehlke is the correct respondent.

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the petitioner's motions to appoint counsel. Dkt. Nos. 9, 10.

16

For the reasons stated above, the court **DISMISSES** the petition for writ of *habeas corpus*.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 27th day of January, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**